**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Aaron Vince SILAS, Defendant-
Appellant.**

**No. 16-10174**

United States Court of Appeals,
Ninth Circuit.

---

* The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 31, 2017 *

Filed June 02, 2017

Krissa Marie Lanham, USPX—Office of the US Attorney, Two Renaissance Square, Phoenix, AZ, for Plaintiff-Appellee

Eric W. Kessler, Kessler Law Offices, Mesa, AZ, for Defendant-Appellant

Aaron Vince Silas, Pro Se

Before: HUG, FARRIS, and CANBY, Circuit Judges.

MEMORANDUM **

Aaron Vince Silas appeals from the district court's judgment and challenges his 84-month sentence for aggravated sexual assault, in violation of 18 U.S.C. §§ 1153, 2241(a)(1), and 2246. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Silas's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Silas the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Silas has waived his right to appeal. Because the record discloses no arguable issue as to the validity of the appeal waiver, we dismiss the appeal. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Counsel's motion to withdraw is **GRANTED**.

**DISMISSED**.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.